FILED
KENNETH S. GARDNER, CLERK

2019 DEC 23 P 2:37

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| | |
|---|---|
| In re:        Rodney A. Long | Case No. 19-17941-KHT |
| Debtor. | Chapter 7 |
| Cherise Smith | |
| Plaintiff, | Adv. Proc. No. _____-KHT |
| v. | |
| Rodney A. Long | |
| Defendant. | |

## COMPLAINT

Plaintiff Cherise Smith, for her adversary complaint against Defendant Rodney A. Long, pursuant to F.R.B.P. 7001, states:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. §1334(a) because this proceeding concerns property of the debtor in case number 19-17941-KHT, which case is pending before this Court and involves proceedings under title 11 of the United States Code.

2.      Venue is proper in this court pursuant to 28 U.S.C. §1409(a) because this proceeding arises in and relates to case number 19-17941-KHT, which case is pending before this Court and involves proceedings under title 11 of the United States Code.

## THE PARTIES

3.      Cherise Smith is an individual residing at 4243 Flanders Street, Denver, Colorado 80249.

4.      Rodney A. Long is an individual who, on information and belief, resides at 2823 Vine Street, Denver, Colorado 80205.

## GENERAL ALLEGATIONS

5.      In 2002, Mr. Long told Ms. Smith he was a successful real estate investor and would mentor her if she went into business with him.

6.      At that time, Mr. Long also represented to Ms. Smith that his low credit scores (which he claimed an ex-wife imposed on him) precluded him from refinancing certain residential properties he claimed he owned.

7.      To induce Ms. Smith to go into business with him and leverage her good credit to enrich him, Mr. Long told Ms. Smith that he would contribute to their business two residential properties he claimed to own.

8.      On March 21, 2002, Ms. Smith and Mr. Long formed Prayer Realty, Inc.

9.      Mr. Long had a 51% ownership interest in the company, and Ms. Long had a 49% ownership interest.

10.      On or around April 5, 2002 Mr. Long's friend, French Lacy, sold Mr. Long a residential property for $10.00.  That property was located at 1316 Biscay Circle, Aurora, Colorado ("Biscay").

11.      On or around April 5, 2002, Mr. Long sold Biscay to Ms. Smith for $145,000.  In connection with the sale, Ms. Smith took out a loan in the amount of $116,000.

12.      On or around May 13, 2002, in accordance with her agreement with Mr. Long, Ms. Smith transferred ownership of Biscay to Prayer Realty, Inc.

13.      In 1989, Mr. Long bought a residential property located at 3122 Marion Street, Denver, Colorado ("Marion") for $7,500.  He transferred title to Marion back and forth between himself and his company, R & L Investments, multiple times between 1989 and 2002.

14.      On April 4, 2002, R & L Investments sold Marion to Ms. Smith for $160,000.

2

15. In connection with her purchase of Marion, Ms. Smith took out a $144,000 mortgage.

16. On May 10, 2002, Ms. Smith transferred ownership of Marion to Prayer Realty, Inc., per her agreement with Mr. Long. Ms. Smith remained the borrower on the mortgage.

17. Mr. Long blocked Ms. Smith's access to corporate records and bank accounts.

18. In July 2004, without Ms. Smith's knowledge or consent, Prayer Realty, Inc. (through Mr. Long) sold Marion to Mr. Long's mother for $240,000. Mr. Long has failed to account for the proceeds of that sale.

19. As of September 2005, Mr. Long's company, Long's Properties, LLC, was acting as the property manager for Biscay, without Ms. Smith's knowledge or consent. In September 2005, Long's Properties, LLC sold Biscay's tenant a purchase option for $5,000. Mr. Long has failed to account for this money.

20. Mr. Long has failed to account for any of the rental income he received from leasing Biscay.

21. On June 1, 2005, without Ms. Smith's knowledge or consent, Mr. Long authored a letter vesting all authority to bind Prayer Realty, Inc. in Long's Properties, LLC.

22. On November 3, 2006, without Ms. Smith's knowledge or consent, Mr. Long executed a quit claim deed transferring ownership of Biscay from Prayer Realty, Inc. to Long's Properties, LLC.

23. In July 2016, Ms. Smith filed a lawsuit against Mr. Long and his companies (Denver District Court case no. 2016CV032568). The case was tried to a jury.

24. During the trial, the jury received the following instructions:

    a. "A false representation is any oral or written words, conduct, or combination of words and conduct that creates an untrue or misleading impression in the mind of another." Exhibit 1, Jury Instruction No. 12.

    b. "You must find that a person knew a fact, if he or she had information that would have led a reasonable person to inquire further and that inquiry would have revealed that fact." Exhibit 2, Jury Instruction No. 9.

    c.  "A fiduciary relationship exists whenever one person is entrusted to act for the benefit of or in the interests of another and has the legal authority to do so. If you find that the Defendant, Rodney Long, was acting on behalf of the Plaintiff, Cherise Smith, with respect to any business transactions associated with Prayer Realty, Inc., then you are instructed that the Defendant was acting as a fiduciary of the Plaintiff, Cherise Smith, with respect to any and all business transactions associated with Prayer Realty, Inc." Exhibit 3, Jury Instruction No. 21.

    d.  "'Willful and wanton conduct' means an actor omission purposefully committed by a person who must have realized that the conduct posed a substantial risk of harm to Plaintiff, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights of others, particularly the Plaintiff." Exhibit 4, Jury Instruction No. 40.

25. The jury found in Ms. Smith's favor and against Mr. Long on her claims for breach of fiduciary duty, fraudulent concealment, and civil theft. The jury also awarded Ms. Smith punitive damages.[1] Exhibit 5, Jury Verdict Forms 2, 3, 4, 6.

26. With respect to Ms. Smith's claim for breach of fiduciary duty, the trial court entered judgment in Ms. Smith's favor and against Mr. Long for $47,841.00. Exhibit 6, December 12, 2018 Order.

27. With respect to Ms. Smith's claim for fraudulent concealment, the trial court entered judgment in Ms. Smith's favor and against Mr. Long for $11,401.34. *Id.*

28. With respect to Ms. Smith's claim for civil theft, the trial court entered judgment in Ms. Smith's favor and against Mr. Long for $138,618.00, plus $109,014.38 in attorney fees and $3,551.00 in costs. *Id.*

29. The trial court awarded Ms. Smith prejudgment interest in the total amount of $36,060.10, with interest continuing to accrue at a *per diem* rate of $33.67 through satisfaction of judgment. *Id.* As of the date of this filing, an additional

---

[1] The trial court ultimately struck the jury's award for punitive damages against Mr. Long, finding that the treble damages component of Colorado's civil theft statute functions to achieve the same punitive purpose as an independent punitive damages award. Exhibit 7, January 8, 2019 Order. The court thus determined Ms. Smith's treble damages award for her civil theft claim rendered a punitive damages award superfluous. *Id.*

$12,659.92 in interest has accrued (376 (days between 12/12/2018 and 12/23/2019) x $33.67 (*per diem* rate) = $12,659.92). *Id.*

30.     In connection with Ms. Smith's claim for breach of fiduciary duty, the jury made the following findings of fact:

    a.  Mr. Long was acting as a fiduciary of Ms. Smith's with respect to acts or omissions regarding financial and business dealings related to Prayer Realty, Inc.;

    b.  Mr. Long breached a fiduciary duty to Ms. Smith;

    c.  Ms. Smith had damages and losses; and

    d.  Mr. Long's breach of fiduciary duty was a cause of Ms. Smith's damages and losses.

Exhibit 8, Jury Instruction No. 20, Exhibit 5, Jury Verdict Form 2.

31.     In connection with Ms. Smith's claim for fraudulent concealment, the jury made the following findings of fact:

    a.  Mr. Long concealed a past or present fact and/or failed to disclose a past or present fact which he had a duty to disclose;

    b.  The fact was material;

    c.  Mr. Long concealed it and/or failed to disclose it with the intent of creating a false impression of the actual facts in Ms. Smith's mind;

    d.  Mr. Long concealed and/or failed to disclose the fact with the intent that Ms. Smith take a course of action she might not take if she knew the actual facts;

    e.  Ms. Smith took such action or decided not to act relying on the assumption that the concealed and/or undisclosed fact did not exist or was different from what it actually was;

    f.  Ms. Smith's reliance was justified; and

    g.  This reliance cause damages/and or losses to Ms. Smith.

Exhibit 9, Jury Instruction No. 24, Exhibit 5, Jury Verdict Form 3.

32.     In connection with Ms. Smith's claim for civil theft, the jury made the following findings of fact:

a.  That Mr. Long knowingly obtained, retained, or exercised control over something of value which was Ms. Smith's property, and that he did so without authorization, or by threat or deception, with the intent to permanently deprive Ms. Smith of its use or benefit.

Exhibit 10, Jury Instruction No. 32; Exhibit 5, Jury Verdict Form 4.

33.     In connection with Ms. Smith's claim for punitive damages, the jury found Mr. Long had acted in a fraudulent, and/or willful and wanton manner.  Exhibit 11, Jury Instruction No. 38, Exhibit 5, Jury Verdict Form 6.

34.     On September 13, 2019, Mr. Long filed a petition in this Court seeking discharge of his debts.  This adversary proceeding challenges Mr. Long's request to discharge his debts to Ms. Smith.

## FIRST CLAIM FOR RELIEF
(Declaration of Nondischargeability, 11 U.S.C.A. § 523(a)(2)(A))

35.     Ms. Smith incorporates the allegations above as though fully set forth herein.

36.     Under section 11 U.S.C. § 523(a)(2)(A), a debt may be determined nondischargeable if incurred by "false pretenses, a false representation, or actual fraud[.]"

37.     A Colorado jury found Mr. Long committed fraudulent concealment.

38.     Mr. Long induced Ms. Smith to form Prayer Realty, Inc. with him by promising her he was an expert in real estate investments and telling her the business would be a good retirement investment vehicle for her. At the time Mr. Long made these representations, he intended for their business to enrich himself but not her.

39.     To further induce Ms. Smith to form Prayer Realty, Inc. with him, Mr. Long falsely represented that he owned Biscay and would contribute his equity in that property to Prayer Realty, Inc.

40.     At the time the parties formed Prayer Realty, Inc., French Lacy owned Biscay.

6

41.     Mr. Long bought Biscay for $10.00 shortly before selling it to Ms. Smith for $145,000.

42.     Mr. Long induced Ms. Smith to execute a lien document stating that she owed Mr. Long's company, R&L Investments, $32,853.32, payable in monthly installments of $464.41.  During proceedings in the Colorado case, Mr. Long testified that this lien represented his "equity" in Biscay.

43.     At the time the parties formed Prayer Realty, Inc., Mr. Long represented he had significant equity in Marion.

44.     Mr. Long sold Marion to Ms. Smith for its full market value, causing Ms. Smith to take out a mortgage.

45.     Mr. Long then induced Ms. Smith to transfer Marion to Prayer Realty, Inc., telling her doing so would be a wise investment decision.

46.     Approximately a year after Ms. Smith transferred Marion to Prayer Realty, Inc., Mr. Long sold Marion to his mother for $240,000, without Ms. Smith's knowledge or consent.  Mr. Long did not account for any of the profits from this sale.

47.     Mr. Long leased Marion and received rental income but did not disclose this fact to Ms. Smith.  He failed transfer this income to Prayer Realty, Inc. or give any of the income to Ms. Smith.

## SECOND CLAIM FOR RELIEF
### (Declaration of Nondischargeability, 11 U.S.C.A. § 523(a)(4))

48.     Under section 11 U.S.C. 532(a)(4), a debt may be determined nondischargeable "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"

49.     A Colorado jury determined Mr. Long committed fraud while acting in a fiduciary capacity.

50.     A Colorado jury also found Mr. Long committed civil theft with respect to Ms. Smith's property.  In addition to her jury award for economic damages, the Court awarded Ms. Smith her attorney fees in connection with her civil theft claim.

51.     Ms. Smith entrusted Mr. Long with her money and property.

52.     At the time the parties formed Prayer Realty, Inc., Mr. Long represented that he had significant equity in Marion.

53.     Mr. Long sold Marion to Ms. Smith for its full market value, causing Ms. Smith to take out a mortgage.

54.     Approximately a year after Ms. Smith transferred ownership of Marion to Prayer Realty, Inc., Mr. Long sold Marion to his mother for $240,000, without Ms. Smith's knowledge or consent.  Mr. Long did not account for any of the profits from this sale.

55.     Mr. Long leased Marion and received rental income but did not disclose this fact to Ms. Smith.  He failed transfer this income to Prayer Realty, Inc. or give any of the income to Ms. Smith.

56.     Without Ms. Smith's knowledge or consent, Mr. Long authored a letter vesting all authority to bind Prayer Realty, Inc. in Long's Properties, LLC.

57.     Without Ms. Smith's knowledge or consent, Mr. Long executed a quit claim deed transferring ownership of Biscay from Prayer Realty, Inc. to Long's Properties, LLC.

58.     Without Ms. Smith's knowledge or consent, Mr. Long sold a $5,000 purchase option for Biscay.  He has never accounted for this money.

### THIRD CLAIM FOR RELIEF
(Declaration of Nondischargeability, 11 U.S.C.A. § 523(a)(6))

59.     Under section 11 U.S.C. 532(a)(6), a debt may be determined nondischargeable "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]"

60.     A Colorado jury found Mr. Long had acted fraudulently and/or willfully and wantonly in his dealings with Prayer Realty, Inc. and Ms. Smith.

61.     Mr. Long persuaded Ms. Smith purchase Biscay and Marion—and then transfer ownership of both properties to Prayer Realty, Inc.—telling her that doing so would further her retirement investments.

62.     Mr. Long never intended to help Ms. Smith make money for her retirement.  He always intended to use their company, Prayer Realty, Inc., to realize his own personal gain, at Ms. Smith's expense.

63.     Mr. Long acted on his intentions—stealing company profits and selling company property without authorization.

8

WHEREFORE, Plaintiff Cherise Smith prays that the Court enter an order declaring nonsdischargeable all amounts awarded in Ms. Smith's favor and against Defendant Rodney A. Long in connection with Denver County District Court case no. 2016CV32568. Ms. Smith also requests an additional award of her attorney fees and costs incurred in this adversary proceeding, and for any other relief the Court deems just and proper.

DATED this 23rd day of December 2019.

Respectfully submitted,

/s/ Melanie MacWilliams-Brooks
Melanie MacWilliams-Brooks, Reg. No. 45322
Daniel K. Calisher, Reg. No. 28196
Foster Graham Milstein & Calisher, LLP
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: 303-333-9810
Email: mbrooks@fostergraham.com
Email: calisher@fostergraham.com

*Counsel for Plaintiff Cherise Smith*

9

INSTRUCTION NO. 12

A false representation is any oral or written words, conduct, or combination of words and conduct that creates an untrue or misleading impression in the mind of another.

14

EXHIBIT 1

INSTRUCTION NO. 9

You must find that a person knew a fact, if he or she had information that would have led

a reasonable person to inquire further and that inquiry would have revealed that fact.

EXHIBIT 2

INSTRUCTION NO. 21

A fiduciary relationship exists whenever one person is entrusted to act for the benefit of or in the interests of another and has the legal authority to do so.

If you find that the Defendant, Rodney Long, was acting on behalf of the Plaintiff, Cherise Smith, with respect to any business transactions associated with PrayerRealty, Inc., then you are instructed that the Defendant was acting as a fiduciary of the Plaintiff, Cherise Smith, with respect to any and all business transactions associated with PrayerRealty, Inc.

**EXHIBIT 3**

## INSTRUCTION NO. 40

"Willful and wanton conduct" means an act or omission purposefully committed by a person who must have realized that the conduct posed a substantial risk of harm to Plaintiff, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights of others, particularly the Plaintiff.

**EXHIBIT 4**

DISTRICT COURT, DENVER COUNTY, COLORADO

1437 Bannock Street

Denver, CO 80202

**Plaintiffs:**

**CHERISE SMITH**

v.

**Defendants:**

**RODNEY LONG et al**

DATE FILED: December 15, 2017 3:19 PM

▲  COURT USE ONLY  ▲

Case Number: 16CV32568

Div.: 275

**VERDICT FORM 2: BREACH OF THE FIDUCIARY DUTY BY LONG**

YOU ARE TO SIGN **EITHER** PART A. OR PART B. BELOW OF THIS VERDICT, BUT **NOT BOTH**.

Part A.

We, the jury, find for the Plaintiff, CHERISE SMITH, on her claim for <u>Breach of the Fiduciary Duty</u> and award economic damages of $ 37,841 and noneconomic damages of $ 10,000 against the Defendant, RODNEY LONG.

Foreperson

53

**EXHIBIT 5**

Part B.

We, the jury, find for the Defendant, RODNEY LONG, and against the Plaintiff, CHERISE SMITH, on her claim for <u>Breach of Fiduciary Duty</u>.

_____

_____     **Foreperson**

_____

_____

_____

54

**EXHIBIT 5**

| DISTRICT COURT, DENVER COUNTY, COLORADO | DATE FILED: December 15, 2017 3:33 PM |
|---|---|
| 1437 Bannock Street<br>Denver, CO 80202 | |
| **Plaintiffs:**<br>**CHERISE SMITH**<br>v.<br>**Defendants:**<br>**RODNEY LONG et al** | ▲  COURT USE ONLY  ▲<br><br>Case Number: 16CV32568<br><br>Div.: 275 |
| **VERDICT FORM 3: FRAUDULENT CONCEALMENT** | |

YOU ARE TO SIGN **EITHER** PART A. OR PART B. BELOW OF THIS VERDICT, BUT **NOT BOTH**.

Part A.

We, the jury, find for the Plaintiff, CHERISE SMITH, on her claim for Fraudulent Concealment and award economic damages of $ 1,401.34 and noneconomic damages of $ 10,000   against the Defendant, RODNEY LONG.

*[signatures]*

**Foreperson**

55

**EXHIBIT 5**

Part B.

We, the jury, find for the Defendant, RODNEY LONG, and against the Plaintiff, CHERISE SMITH, on her claim for Fraudulent Concealment.

_____

**Foreperson**

_____

_____

_____                    _____

_____

56

**EXHIBIT 5**

| DISTRICT COURT, DENVER COUNTY, COLORADO | DATE FILED: December 15, 2017 3:37 PM |
|---|---|
| 1437 Bannock Street<br>Denver, CO 80202 | |
| **Plaintiffs:**<br><br>**CHERISE SMITH**<br><br>v.<br><br>**Defendants:**<br><br>**RODNEY LONG** et al | ▲  COURT USE ONLY  ▲<br><br>Case Number: 16CV32568<br><br>Div.: 275 |
| **VERDICT FORM 4: CIVIL THEFT** | |

YOU ARE TO SIGN **EITHER** PART A. OR PART B. BELOW OF THIS VERDICT, BUT **NOT BOTH**.

Part A.

We, the jury, find for the Plaintiff, CHERISE SMITH, on her claim for Civil Theft and award damages of $ 46,206   against the Defendant, RODNEY LONG.

Foreperson

57

**EXHIBIT 5**

Part B.

We, the jury, find for the Defendant, RODNEY LONG, and against the Plaintiff, CHERISE SMITH, on her claim for <u>Civil Theft</u>.

_____                    _____

                                           **Foreperson**
_____                    _____

_____                    _____

_____

EXHIBIT 5

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO | DATE FILED: December 15, 2017 3 40 PM |
| 1437 Bannock Street<br>Denver, CO 80202 | |
| **Plaintiffs:**<br>**CHERISE SMITH**<br><br>v.<br><br>**Defendants:**<br>**RODNEY LONG et al** | ▲   COURT USE ONLY   ▲<br><br>Case Number: 16CV32568<br><br>Div.: 275 |

**VERDICT FORM 6: PUNITIVE DAMAGES**

YOU ARE TO SIGN **EITHER** PART A. OR PART B. BELOW OF THIS VERDICT, BUT **NOT BOTH**.

Part A.

We, the jury, find for the Plaintiff, Cherise Smith, on her claim for <u>Punitive Damages</u> and award punitive damages of $ 35,000 against the Defendants, RODNEY LONG, LONGS PROPERTIES LLC, ROD'S PLACE, INC., AND R &L INVESTMENT CORP.

_____          _____
                                           Foreperson

_____          _____

_____

_____

61

**EXHIBIT 5**

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO | |
|---|---|
| Court Address:<br>1437 Bannock St., Denver, CO 80202 | DATE FILED: December 12, 2018 2:23 PM<br>CASE NUMBER: 2016CV32568 |
| Plaintiff,<br>**CHERISE SMITH** | ▲   COURT USE ONLY   ▲ |
| v. | |
| Defendants,<br>**RODNEY LONG ET AL** | Case Number: 16CV32568<br><br>Ctrm: 275 |
| **TRIAL MINUTES, ORDERS ON POST-TRIAL MOTIONS, AND JUDGMENT** | |

THIS MATTER came before the court for a jury trial December 11-15, 2017.  Plaintiff Cherise Smith was represented by R. Bret Beattie. Defendants Rodney Long, Long's Properties, LLC, R & L Investments Corp., Rod's Cars Inc., and Rod's Place Inc. were represented by James Halpin and Dustin Klein. A jury of seven members was selected, including one alternate, and the parties stipulated that the alternate would deliberate. Thus, seven jurors deliberated.

## I.     TRIAL MINUTES

The court heard the testimony of the following witnesses: Cherise Smith, Rodney Long, Robert Johnson, and Darnell Sykes. The court admitted the following exhibits: 1-69, and 75.

After hearing the evidence, and being instructed on the law, the jury deliberated and returned VERDICT FORM 1: FRAUD IN THE INDUCEMENT, with Part B thereof completed and signed, indicating a verdict in favor of Defendant Rodney Long and against Plaintiff on that claim; VERDICT FORM 2: BREACH OF THE FIDUCIARY DUTY BY LONG, with Part A thereof completed and signed, indicating a verdict in favor of Defendant Rodney Long on that claim, and awarding economic damages of $37,841 and noneconomic damages of $10,000; VERDICT FORM 3: FRAUDULENT CONCEALMENT, with Part A thereof completed, indicating a verdict in favor of Plaintiff and against Defendant Rodney Long on that claim, and awarding economic damages of $1,401.34 and noneconomic damages of $10,000; VERDICT FORM 4: CIVIL THEFT, with Part A thereof completed, indicating a verdict in favor of Plaintiff and against Defendant Rodney Long on that claim, and awarding damages of $46,206; VERDICT FORM 5: AIDING AND ABETTING, with Part A thereof completed, indicating a verdict in favor of Plaintiff and against Defendants Long Properties LLC, Rod's Place, Inc., and R & L Investments Corp. on that claim, and awarding economic damages of $0 and noneconomic damages of $10,000;  VERDICT FORM 6: PUNITIVE

1

**EXHIBIT 6**

DAMAGES, with Part A thereof completed, indicating a verdict in favor of Plaintiff and against Defendants Rodney Long, Long's Properties, LLC, Rod's Place, Inc., and R & L Investments Corp. on that claim, and awarding punitive damages in the amount of $35,000; and VERDICT FORM 7: BREACH OF FIDUCIARY DUTY BY SMITH, with Part B thereof completed, indicating a verdict in favor of Counterclaim Defendant Smith and against Counterclaimant Long on that counterclaim.

## II.     LACHES DEFENSE

Following receipt of the jury's verdict, the court took Defendants' equitable defense of laches under advisement. Defendants filed their brief pertaining to the defense on December 22, 2017; Plaintiff filed her Response on December 29, 2017; and Defendants filed their Reply on January 2, 2018. Having read the parties briefs, reviewed the court record, the applicable law, and being otherwise fully advised in the premises, the court DENIED the laches defense, for the reasons stated orally on the record at the hearing on August 22, 2018, which ruling is incorporated by this reference in its entirety.

## III.     JUDICIAL DISSOLUTION

Following the briefing of the laches defense, the parties requested, and the court granted, a series of stays for the purpose of allowing the parties to negotiate the dissolution of PrayerRealty, Inc. and avoid a judicial dissolution. Ultimately, the parties were unsuccessful in negotiating a resolution, and Defendant filed a Proposed Stipulation for Judicial Dissolution on March 9, 2018. Plaintiff filed her Motion for Judicial Dissolution on April 2, 2018, Defendants filed their Response thereto on April 12, 2018, and Plaintiff filed her Reply on April 19, 2018. Having reviewed the parties' briefs, the court record, the applicable law, and being otherwise fully advised the premises, the court ORDERED the dissolution of PrayerRealty, Inc., a Colorado Corporation, in the manner stated orally on the record at the hearing on August 22, 2018. Counsel for Plaintiff was directed to draft a Decree of Dissolution conforming to the oral ruling, and submit it in approved as to form format, but that did not occur.

The matter of judicial dissolution was revisited at the hearing on December 5, 2018. Defendants requested the opportunity to submit additional evidence relevant to the dissolution matter, and in particular the Deed of Trust Defendant Long had placed on the Biscay property for the benefit of "R and L Investments" on May 13, 2002, Trial Exhibit 31. During the hearing, the court ordered a briefing schedule in preparation for a three-hour hearing set for January 10, 2019, which was confirmed in a written Order dated December 5, 2018.

However, on December 11, 2018, Defendants filed an Unopposed Motion to Vacate Briefing Schedule and Evidentiary Hearing, indicating that there was no additional evidence to be presented at a hearing, and requesting that the hearing of January 10, 2019 be vacated. Accordingly, the court has GRANTED that Motion contemporaneously herewith, with instructions to Plaintiff regarding information to be submitted which will allow the court to promptly complete the written Decree of Dissolution.

2

**EXHIBIT 6**

## IV.   CIVIL THEFT CLAIM, PUNITIVE DAMAGES, ATTORNEYS FEES, AND COSTS

On April 2, 2018, Plaintiff filed a Motion for Entry of Judgment for Treble Damages, Attorney Fees and Costs ("Plaintiff's Motion"). Defendants filed their Response thereto on April 23, 2018, and Plaintiff filed her Reply on April 30, 2018. The court heard additional argument on this Motion at the hearing on August 22, 2018. The court will discuss each of the aspects of the final judgment requested in Plaintiff's Motion sequentially.

### A.   Civil Theft Claim

Plaintiff requests that the jury's verdict reflected on VERDICT FORM 4: CIVIL THEFT in the amount of $46,206 be trebled, and that she be awarded attorney fees and costs.

Pursuant to C.R.S. §18-4-405, in an action for civil theft, the owner "may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorneys fees." The trebling of the actual damages is mandatory under the civil theft statute. *In Re Krupka*, 317 B.R. 432, 439 (Bankr. D. Colo. 2004) ("Because the language used speaks in terms of what the owner may recover as opposed to what the court may award, this Court does not believe that the statutory language supports the argument that discretion lies with the trial court to either award treble damages or not as it may deem appropriate."); *In Re Powell*, 2008 WL 4489179 at *4 (D. Colo. 2008)("As the Colorado legislature has determined that a victim of theft is entitled to treble damages without specifically providing discretionary authority to the courts, I conclude that it is inappropriate for a court to use its discretion in awarding treble damages to a victim covered by the statute."). *See also, Steward Software Co., LLC v. Kopcho*, 275 P.3d 702, 712-713 (Colo. App. 2010)(Gabriel, J) (relying on *Krupka* and *Powell, supra*, and the parallel statutory language pertaining to attorney fees and costs in concluding that an award of reasonable attorney fees is also mandatory under the civil theft statute) *rev'd on other grounds*, 266 P.3d 1085 (Colo. 2011). Accordingly, by operation of the statute, judgment shall enter in favor of Plaintiff Smith and against Defendant Long in an amount which is three times the amount of actual damages, or $138,618.00.

### B.   Punitive Damages

Plaintiff requests that the court enter judgment on VERDICT FORM 6: PUNITIVE DAMAGES in the amount of $35,000. At the hearing on August 22, 2018, Defendants argued that the court should not treble the damages found by the jury on VERDICT FORM 4: CIVIL THEFT, because it is essentially duplicative of the punitive damage award.

Both the punitive damages statute and the civil theft statute serve punitive purposes. *Frick v. Abell*, 602 P.2d 852, 85 (Colo.1979)(" The purpose for the award of exemplary damages is to punish the wrongdoer as an example to others," citing *Ark. Valley Alfalfa Mills, Inc. v. Day*, 128 Colo. 436, 263 P.2d 815 (1953)); *People v. Adams*, 243 P.3d 256, 264 (Colo. 2010)("Several courts have accordingly held that claims under section 18-4-405 were intended to

3

EXHIBIT 6

be punitive rather than remedial," citing *In Re Marriage of Allen,* 724 P.2d 651, 656 (Colo. 1986) and *Montoya v. Grease Monkey Holding Corp.,* 883 P.2d 486, 490 (Colo. App. 1994)). As noted above, trebling of damages is mandatory under the civil theft statute. However, the punitive damage statute specifically provides that "[n]otwithstanding the provisions of subsection (1) of this section, the court may reduce or disallow the award of exemplary damages to the extent that: (a) the deterrent effect of the damages has been accomplished; or...(c) the purpose of such damages has otherwise been served." C.R.S. §13-21-102(2)(c)

In this Order, the court has trebled the jury's civil theft verdict against Defendant Rodney Long only, for the punitive purposes that such trebling was designed to accomplish. Thus, the court finds that the deterrent effect of punitive damages has been accomplished and the purpose of such damages has otherwise been served, within the meaning of C.R.S. § 13-21-102(2)(c), as against Defendant Rodney Long through the trebling of the civil theft damages, and need not be repeated with the punitive damage award. However, the punitive damages verdict was also against Defendants Long's Properties, LLC, Rod's Place, Inc., and R & L Investments Corp. Moreover, the jury was not asked, and did not specify, the specific factual basis for its findings regarding civil theft damages and punitive damages. Accordingly, the court finds that it is appropriate under the circumstances of this case to disallow the award of exemplary damages as against Defendant Rodney Long only, and therefore will enter judgment on the jury's verdict reflected on Verdict Form 6 against Defendants Long's Properties, LLC, Rod's Place, Inc., and R & L Investments Corp., only.

### C.    Attorney Fees and Costs

The civil theft statute, C.R.S. 18-4-405, provides that "the owner may recover...costs of the action and reasonable attorney fees." The statute does not further define either term. However, it is well-settled that

> [a]n award of attorney fees must be reasonable. A determination of reasonableness is a question of fact for the trial court and 'will not be disturbed on review unless it is patently erroneous and unsupported by the evidence.' *Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979); *Williams v. Farmers Insurance Group, Inc.,* 781 P.2d 156 (Colo. App. 1989). If, as here, the statute pursuant to which an award of attorney fees is made, does not provide a specific definition of 'reasonable,' then such compensation should be determined in light of all circumstances for the time and effort reasonably expended by the prevailing party's attorney. *See Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

*Spensieri v. Farmers Alliance Mut. Ins. Co.,* 804 P.2d 268, 270 (Colo. App. 1990).

Thus, in determining reasonableness, the court must first determine the "lodestar" amount, i.e., a reasonable hourly fee multiplied by a reasonable number of hours spent on the matter. The court is then to determine whether the lodestar amount should be adjusted upwards

4

**EXHIBIT 6**

or downwards by consideration of the factors set forth in Rule 1.5(a) of the Colorado Rules of Professional Conduct. *Spensieri, supra,* 804 P.2d at 270-271. Those factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

The procedural history of the Plaintiff's request for attorney fees and costs in this matter has been convoluted, to say the least. In her Motion, Plaintiff sought an award of attorney fees in the total amount of $117,240.38. In support of that request, Plaintiff submitted the Affidavit of R. Bret Beattie as Exhibit A to her Motion, to which Mr. Beattie attached a 22-page ledger itemizing the attorney fees incurred and costs expended on Plaintiff's behalf in preparing and trying this matter. In their Response to Plaintiff's Motion, filed April 23, 2018, Defendants contended that Plaintiff's counsel's billing records were "inflated and woefully deficient," "unsupported by Plaintiffs counsel's affidavit," and that the "supporting documentation is insufficient to support the time spent." Response, at 2. Defendants also noted that the Plaintiff had not submitted receipts or invoices supporting her request for costs. *Id.* However, the Response nowhere contested any specific entries in Plaintiff's counsel's itemization, but rather requested a hearing on attorney fees and costs.

Accordingly, the matter was scheduled for a hearing on June 11, 2018. However, on May 24, 2018, Defendants filed an Unopposed Motion to Vacate Hearing on Plaintiffs Attorney Fees and Costs, which the court granted and vacated the hearing. Then, on June 15, 2018, Defendants filed a Motion for Leave to File Motion to Amend Defendant's Response to Plaintiff's Motion for Attorney Fees, requesting leave to supplement its Response, and arguing that Plaintiff's award of attorney fees should be limited by the fact that the jury returned a verdict in Defendant's favor on Plaintiff's claim for fraud in the inducement, and that only the civil theft claim provides for an attorney fee award. Again, however, Defendants nowhere contested specific entries on the itemization of attorney

5

**EXHIBIT 6**

fees and costs submitted by Plaintiff's counsel. The court denied Defendants' motion in its Order dated July 10, 2018.

Despite the fact that Defendants do not challenge any specific entries on Plaintiff counsel's ledger, the court has carefully reviewed the Motion and Mr. Beattie's Affidavit and attached ledger, and determines that the lodestar amount of attorney's fees is $109,814.38. This is based upon the following findings. First, the court finds that the hourly fees charged for Mr. Beattie's time (initially $225 per hour, then $250 per hour[1], then $350 per hour), and that of his two associates, Mark Fenton and Alexandra Bellanti (initially $187.50 per hour, then $250 per hour) are within the reasonable range of fees charged by attorneys of comparable experience and stature in the Denver area. Second, with the few exceptions noted below, the attorneys and amounts of time committed to each step in the process of representing Plaintiff appear to have been reasonable and appropriate. Mr. Fenton and Ms. Bellanti appear to have borne the brunt of the drafting and discovery tasks, while Mr. Beattie oversaw those activities, and took the lead on trial preparation and presentation. The exceptions are as follows:

- Entries dated 5/2/2016, 6/17/2016, 7/20/2016, 7/25/2016, 7/26/2016, 4/2/2017, 4/3/2017 (2 entries), 4/14/2017 (2 entries), 12/21/2017, 1/11/2018, 1/16/2018, 2/1/2018 (2 entries), and 2/2/2018, all pertaining to communications with "tenant attorney Mike Cross" and "S. Murphy," whose relationship to the prosecution of this litigation, if any, is unexplained. Accordingly, fees for these services are disallowed in their entirety. The attorney fees attributable to those entries total $ $1342.50, and are disallowed.

- Entries dated 9/11/2016, 10/3/2016, and 10/4/2016. These entries appear to relate to communications between Plaintiff and her counsel with respect to billing matters, perhaps pertaining to the correction of the discounted hourly fee Plaintiff was originally mistakenly charged. The total attorney fees for those entries is $225, and are disallowed.

- Entries dated 3/1/2017, 3/6/2017, 3/8/2017 3/13/2017, 3/14/2017, 3/15/2017, 4/24/2017, 4/30/2017, 8/3/2017, 8/21/2017, 8/22/2017, 8/25/2017, 8/28/2017, 9/5/2017, 9/6/2017, 9/7/2017, 9/8/2017, all pertaining to entries made by Plaintiff's counsel's staff member Liana Steele. While the use of non-lawyer staff in the prosecution of litigation is entirely appropriate, the cost of their involvement is normally regarded as ordinary overhead, which presumably is embedded in the agreed-upon fee

---

[1] Both of these rates appear to have been the result of Plaintiff having been "mistakenly signed up to a fee agreement based on a discounted hourly fee for a program she was not involved in," as recited in ¶ 5 of the Affidavit of R. Bret Beattie, at 2.

6

**EXHIBIT 6**

structure between Plaintiff and her counsel.  To bill a paralegal's time separately amounts to "pyramiding" of attorney's charges, which is impermissible. *See, Nadarajah v. Holder,* 569 F.3d 906, 921 (9th Cir. 2009)(holding that clerical tasks such as filing and organization "should have been subsumed in firm overhead rather than billed at paralegal rates."). The total amount of charges for Ms. Steele's time is  $2,091, and are disallowed.

- Entry of 5/3/2017 for two hours of Mr. Fenton's time described as "Research new discovery rules effective March 2017."  It is inappropriate to charge a client for research of procedural rules with which counsel would need to be familiar in any event, and are not obviously tied exclusively to this particular litigation. The total of this entry is $500, and is disallowed.

- Entries on 5/23/2017 (2 entries) pertaining to "email and telephone call to opposing counsel regarding discovery due," totaling 4.7 hours is excessive. The total charges are $1175, but the court will award three hours of fees at $250, for a total of $750.

- Entry dated 6/4/2017 pertaining to "redraft interrogatory 15.1 to comply with new discovery rule," appears to be duplicative of the immediately preceding entry of 6/1/2017. The total is $250, and is disallowed.

- Entries dated 9/18/2017 (2 entries), 9/22/2017, and 9/25/2017 (2 entries), pertaining to consideration of a motion for summary judgment which was never filed. Accordingly, the court will not award those fees. The total fees documented in those entries are $2592.50, and are disallowed.

The grand total of disallowed fees as set forth above is $7,426. Accordingly, the court subtracts this amount from the total amount Plaintiff seeks to arrive at the lodestar of $109,014.38. ($117,240.38 - $7,426.00 = $109,814.38).

In considering the factors set forth in Colorado Rule of Professional Conduct 1.5 (a), the court concludes that it is not appropriate to adjust the lodestar amount either upwards or downwards in this particular case. Certainly the facts in this case were somewhat novel and complex, and ultimately the Plaintiff achieved a good result at trial. On the other hand, the Plaintiff and her counsel entered into a contingent fee agreement, which fee would appear to already be largely funded by virtue of the trebling of the civil theft award, the jury's punitive damage award, and the awarding of prejudgment interest. Accordingly, the court awards Plaintiff the full lodestar amount of $109,014.38 in attorney fees.

7

**EXHIBIT 6**

With respect to costs, the court determines that Plaintiff shall be awarded her costs as the prevailing party. C.R.C.P. 54(d);  *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230-31 (Colo. 2004). Although Plaintiff originally did not submit bills, invoices, or other documentation of her costs incurred, *see, Brody v. Hellman*, 167 P.3d 192, 206 (Colo. App. 2007) ("A party seeking costs must provide the court with sufficient information and supporting documentation to allow a judge to make a reasoned decision for each cost item presented,") she did itemize cost charges on the ledger attached to the Beattie Affidavit, and eventually submitted documentation of a total of $3,551 in costs, all of which the court finds were reasonable and appropriate to the development of the evidence when incurred. Accordingly, the court awards costs in the amount of $3,551.00

## V.   PREJUDGMENT INTEREST

In her Motion, Plaintiff claims prejudgment interest on the jury's damage awards pursuant to C.R.S. § 5-12-102(1)(a) from the date that amounts she contends were due to her, were instead wrongfully withheld. However, all of Plaintiff's claims that were submitted to the jury were tort claims, and therefore any award of prejudgment interest is governed by C.R.S. § 13-21-102, not C.R.S. § 5-12-102(1)(a).

While neither Plaintiff's Fourth Amended Complaint, filed on September 14, 2017, nor any of her previous complaints claimed prejudgment interest as a form of relief, the parties' Proposed Joint Trial Management Order, filed on August 28, 2017, and adopted by the court at the pretrial conference on September 7, 2017, stated in Section V, entitled "Itemization of Damages or other Relief Sought," that "Plaintiff seeks prejudgment interest." *Id.*, at 6. *See,* C.R.C.P. 16(f)(5)("The Trial Management Order shall control the subsequent course of the trial.") Accordingly, the court finds that Plaintiff adequately claimed prejudgment interest within the meaning of C.R.S. § 13-21-101(1).

It is the court's duty, in entering judgment, to add to the amount of damages assessed by the jury's verdict, prejudgment interest on such amount calculated at the rate of 9% per annum. *Id.* For these purposes, the court determines that, because the jury found that Defendants had not born their burden of proof with respect to the statute of limitations defense, that Plaintiff's claims accrued within the statute of limitations, but that the exact date of such accrual was not clear from the evidence. Plaintiff's testimony was that she learned of a fraudulent mortgage which Defendant Rodney Long had placed on the Biscay property for the benefit of "R and L Investments" upon obtaining an O & E report in connection with a refinancing, sometime in 2015, which was the impetus to her discovering all of the other circumstances giving rise to her claims. Accordingly, the court has selected July 18, 2015, exactly one year before the case was filed, as the date of accrual. Based on this finding, the court has calculated prejudgment interest on the jury's verdicts, mindful that prejudgment interest may not be awarded on either the jury's

EXHIBIT 6

award of punitive damages or the trebled portion of the civil theft claim damages. *Becker & Tenenbaum v. Eagle Restaurant Co., Inc.*, 946 P.2d 600, 602-603 (Colo. App.1997) citing *Ballow v. PHICO Insurance Co.*, 878 P.2d 672 (Colo. 1994) and *Seaward Construction Co. v. Bradley*, 817 P. 2d 971 (Colo. 1991). The court's calculation of prejudgment interest is set forth on Tables 1 and 2, *infra*, at 11.

## JUDGMENT

For all the foregoing reasons, pursuant to C.R.C.P. 58(a), the clerk of the court is HEREBY ORDERED TO ENTER JUDGMENT as follows:

1. In favor of Defendant Rodney Long and against Plaintiff Cherise Smith on her claim for fraud in the inducement, and dismissing that claim with prejudice;

2. In favor of Plaintiff Cherise Smith and against Defendant Rodney Long on Plaintiff's claim for breach of fiduciary duty by Long, and awarding economic damages of $37,841.00 and noneconomic damages of $10,000.00;

3. In favor of Plaintiff Cherise Smith and against Defendant Rodney Long on Plaintiff's claim for fraudulent concealment, and awarding economic damages of $1,401.34 and noneconomic damages of $10,000.00;

4. In favor of Plaintiff Cherise Smith and against Defendant Rodney Long on Plaintiff's claim of civil theft, and awarding damages of $138,618.00;

5. In favor of Plaintiff Cherise Smith and against Defendants Long Properties LLC, Rods Place, Inc., and R & L Investments Corp. on Plaintiff's claim for aiding and abetting, and awarding noneconomic damages of $10,000.00;

6. In favor of Plaintiff Cherise Smith and against Defendants Rodney Long, Long Properties LLC, Rod's Place, Inc., and R & L Investments Corp. on Plaintiff's claim for punitive damages, and awarding punitive damages in the amount of $35,000;

7. In favor of Counterclaim Defendant Cherise Smith and against Counterclaimant Rodney Long on the counterclaim for breach of fiduciary duty by Smith, and dismissing that counterclaim with prejudice;

8. In favor of Plaintiff Cherise Smith and against all Defendants for Plaintiff's attorney fees in the total amount of $109,014.38;

9

**EXHIBIT 6**

9. In favor of Plaintiff Cherise Smith and against all Defendants for Plaintiff's costs in the amount of $3,551.00;

10. In favor of Plaintiff Cherise Smith and against Defendant Rodney Long, prejudgment interest in the total amount of $36,060.10, which prejudgment interest shall continue to accrue at the *per diem* rate of $33.67 through satisfaction of judgment; and

11. In favor of Plaintiff Cherise Smith and against Defendants Long Properties, LLC, Rod's Place, Inc., and R & L Investments Corp., prejudgment interest in the total amount of $3,419.69, which prejudgment interest shall continue to accrue at the *per diem* rate of $3.19 through satisfaction of judgment.

DATED this 12th day of December, 2018.

BY THE COURT:

Ross B.H. Buchanan
Denver District Court Judge

10

**EXHIBIT 6**

## TABLE 1: INTEREST ON JUDGMENTS AGAINST DEFENDANT RODNEY LONG

| FROM | TO | DAYS | PRINCIPAL | RATE | INTEREST |
|---|---|---|---|---|---|
| 7/18/15 | 7/17/16 | 366 | $105,448.34 | 9% | $9,490.35 |
| 7/18/16 | 7/17/17 | 365 | $114,938.69 | 9% | $10,344.48 |
| 7/18/17 | 7/17/18 | 365 | $125,283.17 | 9% | $11,275.49 |
| 7/18/18 | 12/12/18 | 147 | $136,558.66 | 9% | $4,949.78 |
| Total Interest: $36,060.10 | | | | | |
| Per Diem: $33.67 | | | | | |

## TABLE 2: INTEREST ON JUDGMENTS AGAINST DEFENDANTS LONG PROPERTIES, LLC, ROD'S PLACE, INC., AND R & L INVESTMENTS CORP

| FROM | TO | DAYS | PRINCIPAL | RATE | INTEREST |
|---|---|---|---|---|---|
| 7/18/15 | 7/17/16 | 366 | $10,000.00 | 9% | $900.00 |
| 7/18/16 | 7/17/17 | 365 | $10,900.00 | 9% | $981.00 |
| 7/18/17 | 7/17/18 | 365 | $11,881.00 | 9% | $1,069.29 |
| 7/18/18 | 12/12/18 | 147 | $12,950.29 | 9% | $469.40 |
| Total Interest: $3,419.69 | | | | | |
| Per Diem: $3.19 | | | | | |

11

**EXHIBIT 6**

<table>
<tr><td colspan="2"><b>DISTRICT COURT, CITY AND COUNTY OF DENVER,<br>STATE OF COLORADO</b></td></tr>
<tr><td>Court Address:<br>1437 Bannock St., Denver, CO 80202</td><td>DATE FILED: January 8, 2019 2:11 PM<br>CASE NUMBER: 2016CV32568</td></tr>
<tr><td>Plaintiff(s),<br><b>Cherise Smith</b><br><br>And<br><br>Defendant(s),<br><b>Rodney Long et al</b></td><td>▲   COURT USE ONLY   ▲<br><br>Case Number: 16CV32568<br><br>Ctrm: 275</td></tr>
<tr><td colspan="2" align="center"><b>ORDER AMENDING JUDGMENT</b></td></tr>
</table>

THIS MATTER is before the court *sua sponte*.  On its own initiative, and within the time allowed the parties for filing post-trial motions, the court HEREBY AMENDS THE JUDGMENT entered December 12, 2018, as follows:

In its Trial Minutes, Orders on Post-Trial Motions, and Judgment, filed December 12, 2018 ("Judgment"), the court determined that the deterrent effect of punitive damages had been accomplished and the purpose of such damages otherwise served, within the meaning of C.R.S. § 13-21-102(2)(c), as against Defendant Rodney Long through the trebling of the civil theft damages award, and therefore did not need to be repeated with the punitive damage award. Judgment, at 4.  However, under the heading **"JUDGMENT"** on page 9, the court mistakenly entered judgment on the punitive damage award of $35,000 against all Defendants, including Rodney Long. Judgment, at 9, ¶ 6.

The court's Judgment was also mistaken in one other particular. Punitive damages "shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party." C.R.S. § 13-21-102(1)(a). Accordingly, the most that can be awarded in punitive damages against the entity defendants in this case is an amount equal to the amount of actual damages awarded against those defendants plus prejudgment interest. *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1025 (Colo. App. 1993); *Vickery v. Evans*, 266 P.3d 390 (Colo. 2011) ("'[T]he amount of the actual damages awarded,' to which 'reasonable exemplary damages' are statutorily limited, refers not to the jury's assessment of total compensatory damages but to the compensatory damages awarded against the defendant as a direct result of that assessment, which necessarily include statutorily mandated prejudgment interest…").  The jury awarded, and this court entered judgment on, $10,000 in actual damages against the entity defendants for aiding and abetting, and calculated prejudgment interest on that amount of $3,419.69. Judgment, at 9, ¶ 5, and 11, Table 2. Therefore, the maximum amount of punitive damages which may be awarded

1

**EXHIBIT 7**

against the entity defendants is $13,419.69, consisting of the $10,000 the jury awarded, plus prejudgment interest in the amount of $3,419.69.

Accordingly, paragraph 6 of the Judgment is HEREBY AMENDED to read, in its entirety, as follows:

6.    In favor of Plaintiff Cherise Smith and against Defendants Long Properties, LLC, Rods Place, Inc., and R & L Investments Corp. on Plaintiff's claim for punitive damages, and awarding punitive damages in the amount of $ 13,419.69.

The remaining provisions of the Judgment remain in full force and effect.

DATED this 8th day of January, 2019, *nunc pro tunc* December 12, 2018.

BY THE COURT:

Ross B.H. Buchanan
Denver District Court Judge

2

EXHIBIT 7

INSTRUCTION NO. 20

For the Plaintiff, Cherise Smith, to recover from the Defendant, Rodney Long, on her

claim of breach of fiduciary duty, you must find that all of the following have been proved by a

preponderance of the evidence:

1. The Defendant was acting as a fiduciary of the Plaintiff with respect to acts or
   omissions regarding financial and business dealings related to PrayerRealty, Inc.

2. The Defendant breached a fiduciary duty to the Plaintiff;

3. The Plaintiff had damages and losses; and

4. The Defendant's breach of fiduciary duty was a cause of the Plaintiff's damages and
   losses.

If you find that any one or more of these four statements has not been proved, then your

verdict must be for the Defendant on this claim, and you shall complete and sign Part B of

Verdict Form 2: Breach of Fiduciary Duty by Long.

On the other hand, if you find that all of these four statements have been proved, then you

must consider the Defendant's affirmative defense of expiration of the statute of limitations.

If you find that this affirmative defense has been proved by a preponderance of the

evidence, then your verdict must be for the Defendant on this claim, and you shall complete Part

B of Verdict Form 2: Breach of Fiduciary Duty by Long.

However, if you find that the affirmative defense has not been proved, then your verdict

must be for the Plaintiff on this claim, and you shall complete and sign Part A of Verdict Form 2:

Breach of Fiduciary Duty by Long.

22

**EXHIBIT 8**

## INSTRUCTION NO. 24

For the Plaintiff, Cherise Smith, to recover from the Defendant, Rodney Long, on her claim of fraudulent concealment, you must find all of the following have been proved by a preponderance of the evidence:

1.  The Defendant concealed a past or present fact and/or failed to disclose a past or present fact which he had a duty to disclose;

2. The fact was material;

3. The Defendant concealed it and/or failed to disclose it with the intent of creating a false impression of the actual facts in the mind of the plaintiff;

4. The Defendant concealed and/or failed to disclose the fact with the intent that the Plaintiff take a course of action she might not take if she knew the actual facts;

5. The Plaintiff took such action or decided not to act relying on the assumption that the concealed and/or undisclosed fact did not exist or was different from what it actually was;

6. The Plaintiff's reliance was justified; and

7. This reliance caused damages and/or losses to the Plaintiff.

If you find that any one or more of these seven statements has not been proved, then your verdict must be for the Defendant on this claim, and you shall complete and sign Part B of Verdict Form 3: Fraudulent Concealment.

On the other hand, if you find that all of these seven statements have been proved, then you must consider the Defendant's affirmative defense of expiration of the statute of limitations and waiver. If you find that either or both of these affirmative defenses has been proved by a preponderance of the evidence, then you verdict must be for the Defendant on this claim, and you shall complete and sign Part B of Verdict Form 3: Fraudulent Concealment.

26

**EXHIBIT 9**

However, if you find that neither of these affirmative defenses has been proved, then your verdict must be for the Plaintiff on this claim, and you shall complete and sign Part A of Verdict Form 3: Fraudulent Concealment.

EXHIBIT 9

INSTRUCTION NO. 32

For the Plaintiff, Cherise Smith, to recover from Defendant Rodney Long, on her claim
of civil theft, you must find that all of the following have been proved by a preponderance of the
evidence:

1. That the Defendant, Rodney Long,

2. knowingly

    a. obtained, retained or exercised control over

    b. anything of value

    c. which was the property of Plaintiff, Cherise Smith,

3. without authorization or by threat or deception, and

4. with the intent to permanently deprive Plaintiff of its use or benefit.

If you find that any one or more of these four statements has not been proved, then your
verdict must be for the Defendant on this claim, and you shall complete and sign Part B of
Verdict Form 4: Civil Theft.

On the other hand, if you find that all of these four statements have been proved, then you
must consider the Defendant's affirmative defense of expiration of statute of limitations. If you
find that this affirmative defense has been proved by a preponderance of the evidence, then your
verdict must be for the Defendant on this claim, and you shall complete and sign Part B of
Verdict Form 4: Civil Theft.

However, if you find that this affirmative defense has not been proved, then your verdict
must be for the Plaintiff on this claim, and you shall complete and sign Part A of Verdict Form 4:
Civil Theft.

35

**EXHIBIT 10**

## INSTRUCTION NO. 38

If you find in favor of the Plaintiff, Cherise Smith, on her claims of fraud in the inducement, breach of fiduciary duty, fraudulent concealment, civil theft, and/or aiding and abetting, then you shall consider whether the Plaintiff should recover punitive damages against the Defendants. If you find beyond a reasonable doubt that the Defendants acted in a fraudulent, and/or willful and wanton manner, in causing the Plaintiff's damages and/or losses, you shall determine the amount of punitive damages, if any, that the Plaintiff should recover and complete and sign Part A of Verdict Form 6: Punitive Damages.

On the other hand, if you do not find beyond a reasonable doubt that Defendants acted in a fraudulent and/or willful and wanton manner, in causing Plaintiff's damages and/or losses, your verdict must be for the Defendants on this claim, and you shall complete and sign Part B of Verdict Form 6: Punitive Damages.

Punitive damages, if awarded, are to punish the Defendant and to serve as an example to others.

42

**EXHIBIT 11**

B1040 (FORM 1040) (12/15)

<table>
<tr><td colspan="2"><b>ADVERSARY PROCEEDING COVER SHEET</b><br>(Instructions on Reverse)</td><td><b>ADVERSARY PROCEEDING NUMBER</b><br>(Court Use Only)  FILED<br>KENNETH S. GARDNER, CLERK</td></tr>
</table>

| PLAINTIFFS | DEFENDANTS 2019 DEC 23 ₽ 2: 37 |
|---|---|
| CHERISE SMITH | RODNEY A. LONG  BANKRUPTCY COURT<br>DISTRICT OF COLORADO |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Melanie MacWilliams-Brooks, Reg. No. 45322<br>Foster Graham Milstein & Calisher, LLP   303-333-9810<br>360 S. Garfield St., 6th FL, Denver CO 80209 | Devon Michael Barclay / Devon Barcley, PC<br>2435 Ingalls Street, Denver CO 80214<br>720-515-9887 |

| PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☒ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff seeks a declaration of nondischargeability under 11 U.S.C. 523(a)(4) and 523(a)(6) with respect to amounts awarded her and against Defendant Rodney A. Long in Denver County District Court, Case No. 2016 CV 032568. Those amounts total $359,145.74 (including principal and interest accrued to date).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ |

| Other Relief Sought | Plaintiff seeks a declaration of nondischareability under 11 U.S.C. 523(a)(4) and 523(a)(6) with respect to amounts awarded her and against Defendant Rodney A. Long in Denver County District Court Case, Case No. 2016 CV 032568. Those amounts total $359,145.74 (including principal and interest accrued to date). |
|---|---|

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RODNEY A. LONG | BANKRUPTCY CASE NO.<br>19-17941-KHT | |
| DISTRICT IN WHICH CASE IS PENDING    CO | DIVISION OFFICE | NAME OF JUDGE<br>KHT |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*s/ Melanie MacWilliams-Brooks* | | |
| DATE<br><br>December 23, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Melanie MacWilliams-Brooks | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.